IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VANESSA PEÑA,                          :
    Plaintiff,                     :
                                   :
    v.                             :    CIVIL ACTION NO. 26-CV-2139
                                   :
OLIVER HEALTHCARE PACKAGING :
COMPANY,                               :
    Defendant.                     :

**MEMORANDUM**

YOUNGE, J.                                              **APRIL 15, 2026**

Plaintiff Vanessa Peña filed this civil action against her former employer, Oliver

Healthcare Packaging Company ("Oliver"), claiming that she was discriminated against and

retaliated against in violation of Title VII.  She seeks leave to proceed *in forma pauperis*.  For the

following reasons, the Court will grant Peña leave to proceed *in forma pauperis* and dismiss her

Complaint as untimely.

I.       FACTUAL ALLEGATIONS[1]

Peña began working as a Quality Control Technician for Oliver in December 2022.

(Compl. ¶ 6.)  She claims that during her employment, she was "subjected to unwelcome sexual

harassment by coworkers and supervisory personnel," including by a male coworker who stated

that "he wanted to grope her" and another who whistled at her.  (*Id.* ¶¶ 7-8, 12.)  Peña reported

these incidents to Human Resources, but nothing was done to address her concerns.  (*Id.* ¶¶ 10-

11, 13-14.)  She claims that, after her reports, she began to experience retaliation including

---

[1] The following allegations are taken from the Complaint (ECF No. 2) and attachments thereto.
The Court adopts the pagination supplied by the CM/ECF docketing system.

"adverse actions that created a hostile and intolerable work environment." (*Id.* ¶¶ 15-16.) She was terminated from Oliver on December 18, 2024, "[a]s a direct result of the ongoing harassment and retaliation." (*Id.* ¶ 17.)

Peña filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 9, 2026. (*Id.* ¶ 19.) The EEOC issued a Notice of Right to Sue Letter dated February 24, 2026. (*Id.* ¶ 20.) The Letter, which Peña attached to her Complaint as an exhibit, reflects that the EEOC closed her charge because it "was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge." (*Id.* at 5.) Peña subsequently filed the instant case on March 31, 2026.

## II.      STANDARD OF REVIEW

Because Peña appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Peña's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, dismissal of a complaint based on the statute of limitations is appropriate at the pleading stage provided the "defense is apparent on the face of

the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).  Because Peña is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.     DISCUSSION

"To bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice."  *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citing 42 U.S.C. § 2000e-5(e)(1)).  A plaintiff who fails to bring a charge within that 300-day time period is barred from bringing an action in federal court.  *See Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) ("Watson's attempt to obtain relief under federal law from Kodak's alleged employment discrimination on the basis of race and age may proceed only if he filed his administrative charge of discrimination within 300 days of the unlawful employment actions he challenges.").  Peña's claims all accrued by December 18, 2024 at the latest, because that is the date she was terminated—*i.e.*, when the last violation of Title VII alleged in Complaint occurred. However, she did not file her charge with the EEOC until February 9, 2026, approximately fourteen months after her claims accrued.  Accordingly, it is apparent from the face of the Complaint that Peña's claims are untimely, so they will be dismissed on that basis.[2]  *See Wiggins v. Universal Prot. Serv.*, *LLC*, No. 23-1054, 2023 WL 5014082, at *3 (3d Cir. Aug. 7, 2023) (*per curiam*) ("[W]e agree with the District Court that Wiggins's claims are time-barred as to his 2019 stint at Episcopal. Wiggins filed his EEOC complaint on January 5, 2021, more than 300 days after he was allegedly constructively discharged in September 2019."); *Valentin v.*

---

[2] It is also apparent from the Complaint that there is no basis for applying tolling here.

*Manpower Grp. Sols.*, 792 F. App'x 208, 210 (3d Cir. 2019) (*per curiam*) ("Title VII requires a claimant in Pennsylvania to file a charge with the EEOC within 300 days of an unlawful employment practice.  Absent the filing of such a charge, a claim for relief under federal law may not proceed." (citations omitted)).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Peña leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (requiring amendment in a *pro se* case unless it would be inequitable or futile).  An appropriate Order follows, which dismisses this case.  *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

  */s/ John Milton Younge*
**JOHN MILTON YOUNGE, J.**

4